UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEVIN M. GORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-157-WTL-DKL |
| | ) | |
| BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Kevin M. Gore, an inmate of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Terre Haute, Indiana, brings this civil action alleging that he has received inadequate care for his serious medical needs. The defendants move to dismiss, or in the alternative for summary judgment, arguing that Gore failed to exhaust his available administrative remedies with respect to his claims as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA").

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Discussion

A. *Undisputed Facts*

Consistent with the foregoing, therefore, the following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts are presented in the light reasonably most favorable to Gore as the non-moving party with respect to the motion for summary judgment.

Gore is a federal inmate currently in the custody of the BOP at the United States Penitentiary in Terre Haute, Indiana. The BOP promulgated an administrative remedy system which is codified in 28 C.F.R. §§ 542.10, *et seq.*, and BOP Program Statement 1330.16, *Administrative Remedy Procedures for Inmates*. The Administrative Remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8. If the inmate is not satisfied with the informal remedy response, he is required to first address his complaint with the Warden via a BP-9. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a BP-11. Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all required levels, his administrative remedies are exhausted as to the specific issues properly raised therein.

All codified BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.16. Additionally, Administrative Remedy filing procedures are outlined in an Inmate Information Handbook, which is provided to all inmates upon initial intake at FCC Terre Haute.

All administrative remedy requests filed by inmates are logged and tracked in the SENTRY computer program, an electronic record keeping system used by the BOP. A review of the SENTRY database with respect to administrative remedy requests filed Gore revealed that Gore has filed a total of seven administrative remedy requests, including two related to medical care. Gore filed a BP-9 at the Institution Level on November 8, 2010, alleging complaints regarding Medication and Services. (Remedy No. 614627-F1). A response closing this administrative remedy was issued to Gore on January 6, 2011. Plaintiff filed another BP-9 at the Institution Level on August 31, 2012, alleging "Medical Issues." (Remedy No. 703130-F1). A response closing this administrative remedy because it was withdrawn at the inmate's request was issued on September 4, 2012.

B. *Analysis*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. This includes claims, like Gore's claim here, alleging the denial of medical care. *See Poirier v. Casperson*, 17 Fed.Appx. 450, 463 (7th Cir. 2001) ("there is no support of Mr. Poirier's contention that ongoing medical complaints are not subject to the exhaustion requirement") (citing *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 536 (7th Cir. 1999)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376

F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Here, while Gore submitted administrative remedy requests apparently regarding the allegations of his complaint, he did not pursue those requests past the institutional level. He asserts that he "exhausted [his] administrative remedies when the FBOP already gave approval for my neurosurgery and narcotic analgesics." But Gore has not shown that he has pursued his administrative remedies as required by the BOP's *Administrative Remedy Procedures for Inmates*. If the BOP approved Gore's surgery and medication and he has not received it, he is still required to attempt to resolve this denial of care through the administrative remedy process prior to filing a complaint. *See Woodford*, 548 U.S. at 90-91. Gore also appears to argue that because he is in imminent danger of harm, he is excused from pursuing the administrative remedy procedure. But the PLRA does not recognize this type of exception to the administrative remedy process. *See Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001) (holding that the Court "will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirements.").

It is undisputed that Gore did not fully exhaust his available administrative remedies as required by the PLRA. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that his claims should not have been brought and must now be dismissed without prejudice. *See Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

The defendant's motion for summary judgment [dkt 15] is **granted** and Gore's motion in opposition [dkt 19] is **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/07/2014

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Kevin M. Gore
02938-093
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

All electronically registered counsel